**K.S. SHIPPING AGENCY, TONY'S SHIPS AGENCY, K.S. MOTOR REWINDING, T.J. WELDING & FABRICATION, SAMOA EXPORT IMPORT INC., SHALHOUT SULUFAIGA STORE, STAR-KIST SAMOA INC., and SOUTHWEST MARINE OF SAMOA, INC., Plaintiffs,**

**v.**

**MATIRA SOUTH FISHING LTD., YOUNG DUK LTD., NATIONAL BANK OF NEW ZEALAND, LTD., and DOES I Through X, Defendants,**

**and**

**F/V "MATIRA" fka F/V "YOUNG DUK," her engines, tackle, apparel, furniture, and appurtenances, Defendant *in rem*.**

High Court of American Samoa
Trial Division

CA No. 40-04

July 1, 2004

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs, Mark F. Ude
        For Defendants, David P. Vargas

### ORDER DENYING MOTION TO DISMISS COUNTERCLAIM

We set forth a detailed description of the factual and procedural background for this case in our opinion and order addressing the validity of a warrant arresting F/V MATIRA ("the vessel") and setting an amount for security. *K.S. Shipping Agency v. Matira South Fishing LTD.,* 8 A.S.R.3d 163 (Trial Div. June 7, 2004). In response to the counterclaim of Matira South Fishing, Ltd. ("Matira South Fishing"), Plaintiffs moved to dismiss before filing an answer. For the reasons stated below, we deny the motion.

### Standard of Review

A motion to dismiss filed before a required responsive answer may be brought under T.C.R.C.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." We treat the motion as one for summary judgment when the movant relies on "matters outside the pleading." T.C.R.C.P. 12(b).

Summary judgment is appropriate where the pleadings and supporting documents show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The moving party bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

### Discussion

Matira South Fishing filed an "Answer to Complaint in Admiralty, Affirmative Defenses and Verified Counter-Claim" on May 14, 2004. Plaintiffs received notice of the counterclaim on May 25, 2004. Matira South Fishing then filed an "Answer to Amended Complaint" on June 9, 2004. We consider the June 9, 2004 answer to be an amended answer. At hearing, Matira South Fishing adopted the counterclaim of its prior answer. We find this adoption sufficient to incorporate the counterclaim into the amended answer.

■ The counterclaim is for wrongful arrest and abuse of process. A defendant must prove gross negligence or malice to show a wrongful arrest. *Central Oil Co. v. M/V LAMMA-FOREST*, 821 F.2d 48, 51 (1st Cir. 1987). A party must prove that the action taken by another party was frivolous to show an abuse of process. *See Leomiti v. Pagofie*, 2 A.S.R.2d 97 (App. Div. 1986); MODEL RULES OF PROF'L CONDUCT R. 3.1 (2000). In general, actions are frivolous "if the lawyer is unable to . . . make a good faith argument on the merits of the action taken" or for a change in existing law. MODEL RULES OF PROF'L CONDUCT R. 3.1 cmt. [2].

■ Plaintiffs essentially argue that they did not wrongfully initiate arrest or abuse process because we upheld the warrant in response to a defense motion to quash. This argument is insufficient for us to dismiss the counterclaim. Our upholding of the warrant fails to show an absence of malice. In addition, we lack sufficient evidence to determine whether Plaintiffs' lawyer is able to make a good faith argument on the merits of each claim. For example, Plaintiffs have failed to meet their burden of showing that there are no factual issues concerning the good faith of one Plaintiff's claim that is based on services rendered in American Samoa at a time when the vessel may have been outside of the territory.

## Order

We deny Plaintiffs' motion to dismiss.

It is so ordered.